Bar Docket No. 13990

## In the Matter of Michael K. Lehr
(133 P.3d 1279)

In a letter signed April 20, 2006, to the Clerk of the Appellate Courts, respondent Michael K. Lehr, an attorney admitted to the practice of law in the state of Kansas, voluntarily surrendered his license to practice law in Kansas, pursuant to Supreme Court Rule 217 (2005 Kan. Ct. R. Annot. 309).

At the time the respondent surrendered his license, testimony had been presented to the Kansas Board for Discipline of Attorneys on four separate counts, where the formal complaint alleged that the respondent failed to file briefs in two appellate cases in violation of court orders and that the respondent failed to act competently and diligently and failed to expedite litigation in the representation of three separate clients. In addition, a hearing was pending and a formal complaint had been filed on two other counts. In the first count, the respondent was alleged to have failed to deposit a retainer fee in his trust account and to promptly refund the unearned portion of the retainer fee to his client. In the second count, the respondent's admitted use of cocaine and marijuana during the course of representing a criminal defendant in a felony trial in Sedgwick County caused a mistrial and was alleged to have adversely reflected on his fitness to practice law and to be prejudicial to the administration of justice.

This court, having examined the files of the office of the Disciplinary Administrator, finds that the surrender of the respondent's license should be accepted and that the respondent should be disbarred.

It Is Therefore Ordered that Michael K. Lehr be and he is hereby disbarred from the practice of law in Kansas and his license and privilege to practice law are hereby revoked.

It Is Further Ordered that the Clerk of the Appellate Courts strike the name of Michael K. Lehr from the roll of attorneys licensed to practice law in Kansas.

IT IS FURTHER ORDERED that this order shall be published in the Kansas Reports, that the costs herein shall be assessed to the respondent, and that the respondent forthwith shall comply with Supreme Court Rule 218 (2005 Kan. Ct. R. Annot. 315).